**UNITED STATES DISTRICT COURT**
for the District of New Jersey

*MARK LAVIGNE, LLC*
675 Morris Avenue, Suite 300
Springfield, New Jersey 07081
T: (973) 845-6606 (Main)
Jamison M. Mark, Esq. (042392000)
jmark@newjerseyattorneys.com
Edward Herban (038561998)
eherban@newjerseyattorneys.com
*Attorneys for Plaintiffs Cinthia Gonzales and Jomar DeJesus and the Putative Class*

| | |
|---|---|
| **CINTHIA GONZALES and JOMAR DEJESUS,**<br><br>**On behalf of themselves and all other Similarly-situated persons,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DOLLAR GENERAL CORPORATION, JOHN DOES 1-10; JANE DOES 1-10; ABC CORP. 1-10; and ABC COMPANIES 1-10,**<br><br>Defendants. | Case No.: 2:25-CV-01767<br><br>**FIRST AMENDED COMPLAINT and JURY DEMAND,** |

**INTRODUCTION**

Plaintiffs Cinthia Gonzales and Jomar DeJesus (hereinafter "Plaintiffs"), on behalf of themselves and all other similarly situated persons, bring this putative class action lawsuit against Dollar General Corporation, John Does 1-10, Jane Does 1-10, ABC Corp. 1-10, and ABC Companies 1-10 (collectively, "Defendants"), alleging that they and the putative class were misclassified as exempt/managerial employees by Defendants and seek to recover damages for underpaid wages and unpaid overtime wages in violation of the New Jersey Wage and Hour Law,

N.J.S.A. 34:11-56a to -56a38 (the "NJWHL"), as well as for the taking of unlawful deductions from their compensation in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL"). This First Amended Complaint is filed pursuant to Fed. R. Civ. P. 15(a)(1)(B).

## JURISDICTION & VENUE

This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1332.

This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff Logan, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

Venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events giving rise to the claims occurred in this district. 28 U.S.C. § 1391(b)(2).

This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

1. Plaintiff Cinthia Gonzales ("Gonzales") resides in the City of Plainfield in the County of Union in the State of New Jersey and was employed by Defendants from approximately March 9, 2018, continuing through to the present.

2. Plaintiff Jomar DeJesus ("DeJesus") resides in the City of Plainfield in the County of Union in the State of New Jersey and was employed by Defendants from approximately April 15, 2021, continuing through to the present.

3. Defendant Dollar General Corporation is a for-profit corporation, organized and existing under the laws of the State of Tennessee, is an American chain of discount stores headquartered in Goodlettsville, Tennessee. As of January 8, 2024, Dollar General Corporation operated 19,643 stores in the contiguous United States and Mexico

4. Named Defendant operates 175 locations in the State of New Jersey including, a location in Bloomfield, NJ (in which Gonzales works) and North Arlington, NJ (in which DeJesus works).

5. Plaintiffs are purportedly hired at "store managers" and/or "assistant store managers" and/or "training managers."

6. Defendants were at all relevant times herein "employers" of Plaintiffs and certain other similarly situated employees, as defined by the NJWHL, NJWPL

7. The putative class of similarly situated Plaintiffs is defined herein as:

> All individuals that worked as "manager" employees ("store manager," "assistant store manager," and/or "training manager") for Defendants in Dollar General Corporation store locations situated throughout New Jersey from January 17, 2019, through to the present for purposes of the FLSA claims, NJWPL claims and the NJWHL claims. (Hereinafter the "Putative Class Members").

## SPECIFIC ALLEGATIONS

8. Plaintiffs and all of the Putative Class Members were purportedly hired to perform managerial tasks for Defendants but were assigned to perform non-exempt/non-managerial tasks for Defendants in Dollar General Corporation store locations throughout New Jersey.

9. Specifically, Plaintiffs and all of the Putative Class Members were required to unload trucks, stock shelves, maintain inventory counts, and clean and maintain the stores in which they "managed."

10. Defendants specifically required Plaintiff Gonzales to unload trucks and lift/move inventory despite her being pregnant and medically unable to do so.

11. Indeed, instead of accommodating Plaintiff Gonzales' medical condition by permitting her to bring in additional staff to perform said non-exempt physical tasks- at a cost of an additional $31 (approximate – the accommodation sought for unloading a truck would require a minimum wage employee two hours at the N.J. minimum wage of $15.49 per hour), Defendants required Plaintiff Gonzales to take unpaid medical leave.

12. Moreover, instead of permitting Plaintiffs Gonzales and DeJesus and putative Class Members to reassign working staff to perform these non-exempt tasks, Defendants' Regional Managers and upper management removed such executive discretion and required Plaintiffs to perform these tasks personally.

13. Plaintiffs and Putative Class Members aver that the vast majority of their workdays involve performing non-exempt/non-managerial tasks.

14. Defendants have required Plaintiffs and Putative Class Members to work approximately 60 hours per week performing mainly non-exempt/non-managerial tasks.

15. **Despite requiring** Plaintiffs and Putative Class Members to work approximately 60 hours per week performing mainly non-exempt/non-managerial tasks, Defendants paid Plaintiffs and Putative Class Members a flat salary rate.

16. **Despite requiring** Plaintiffs and Putative Class Members to work approximately 60 hours per week performing mainly non-exempt/non-managerial tasks, Defendants did not pay overtime pay to Plaintiffs and Putative Class Members.

17. Plaintiffs and all of the Putative Class Members were/are not overtime exempt employees under the NJWHL.

18. Plaintiffs and the Putative Class Members were/are not working for Defendants as bona fide executive, administrative professional and/or outside sales employees and are therefore not exempt from the overtime requirements of N.J.A.C. 12:56-6.1.

19. Plaintiffs and the Putative Class Members were purposefully misclassified as bona fide executive, administrative professional and/or outside sales employees by Defendants to conceal Defendants' deliberate scheme to reduce its labor costs.

20. The Plaintiffs and the Putative Class Members routinely work far in excess of forty (40) hours per week for Defendants, usually about sixty (60), sometimes more, and were/are not paid for all of the hours they worked each week per week since August 6, 2019.

21. The Plaintiffs and the Putative Class Members also routinely work far in excess of forty (40) hours per week for Defendants, usually about sixty (60), sometimes more, and were/are not paid the appropriate or lawful overtime rate under the NJWHL when they worked over forty (40) hours per week.

22. Defendants' ongoing illegal policy of failing to pay Plaintiffs and the Putative Class Members for time worked has resulted in Plaintiffs and the Putative Class Members being denied substantial legally required compensation and/or overtime payments given that the Plaintiffs and the Putative Class Members routinely worked/work in excess of forty (40) hours per week performing non-exempt/non-managerial tasks for Defendants.

## **CLASS ACTION ALLEGATIONS**

23. Plaintiffs bring this action on behalf of the Putative Class Members as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b). Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and for claims under NJ State Laws.

24. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

25. There are questions of law and fact common to all members of the Putative Class that predominate over questions affecting only individuals. These common questions include:

   a. Whether Defendant Dollar General Corporation misclassified the Putative Class Members as bona fide executive, administrative professional and/or outside sales employees and are, in reality, not exempt from the overtime requirements of N.J.A.C. 12:56-6.1 for purposes of the FLSA, NJWHL and the NJWPL.

   b. Whether Defendant Dollar General Corporation routinely required the Putative Class Members to work in excess of forty (40) hours per week;

   c. Whether Defendant Dollar General Corporation paid the Putative Class Members solely on a salary basis regardless of the number of hours each works in a particular workweek;

   d. Whether Defendants failed to pay Dancers statutorily required wages for each hour worked;

   e. Whether Defendants have failed to pay overtime compensation for all hours worked in excess of forty per work week;

   f. Whether Plaintiffs and members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

   g. Whether Plaintiffs and members of the Class are entitled to restitution and/or liquidated damages;

    h. Whether the conduct alleged in Paragraphs 25(a) through (c), above, violates the Fair Labor Standards Act and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 56a38;

    i. Whether holding Plaintiffs and the Putative Class Members to the terms of the alleged arbitration agreements between Defendant Dollar General Corporation and the Plaintiffs and the Putative Class Members- compromise settlements of FLSA rights, absent either DOL approval or review and approval by a court within the adversarial context of a lawsuit brought by the employees is in clear derogation of the letter and spirit of the FLSA; and

    j. Whether Defendants are liable for attorneys' fees and costs.

26. Ms. Gonzales and Mr. DeJesus do not have interests that are antagonistic to those of the Putative Class Members. Ms. Gonzales' and Mr. DeJesus' claims are typical of the claims of the Putative Class Members.

27. Ms. Gonzales and Mr. DeJesus will fairly and adequately protect the interests of the Putative Class Members and has retained competent counsel experienced in this type of matter, specifically class action litigation and employee misclassification claims in particular.

28. Common questions of law and fact predominate over any questions that only affect individual class members.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and will cause an orderly and expeditious administration of the Putative Class Members' claims.

30. The prosecution of separate actions by individual members of the Putative Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW AS AMENED BY THE NEW JERSEY WAGE THEFT ACT)

31. Plaintiffs reassert Paragraphs 1-30 as if set forth at length herein.

32. Defendants are subject to the New Jersey Wage and Hour Law as amended by the New Jersey Wage Theft Act, N.J.S.A. 34:11-56a to 56a38 (the "NJWHL").

33. Defendants' misclassification of the Plaintiffs and the Putative Class Members as bona fide executive, administrative professional and/or outside sales employees is contrary to the NJWHL and the related New Jersey Administrative Code.

34. Any agreement(s) entered into by and between Defendants and the Plaintiffs and the Putative Class Members that provide(s) otherwise is/are unlawful, null and void. See N.J.S.A. 34:11-56a25.

35. Defendants' conduct against the Plaintiffs and the Putative Class Members violates the NJWHL by failing to compensate the Plaintiffs and the Putative Class Members for all hours worked and for not paying appropriate/lawful overtime when the Plaintiffs and the Putative Class Members worked over forty (40) hours per week. See N.J.S.A. 34:11-56a4.

36. As a result of Defendants' conduct, the Plaintiffs and the Putative Class Members have endured significant economic damages.

## COUNT TWO

### (VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW AS AMENED BY THE NEW JERSEY WAGE THEFT ACT)

37. Plaintiff reasserts Paragraphs 1-36 as if set forth at length herein.

38. Defendants are subject to the New Jersey Wage Payment Law as amended by the New Jersey Wage Theft Act, N.J.S.A. 34:11-4.1 et seq. (the "NJWPL").

39. Defendants' misclassification of the Plaintiffs and the Putative Class Members as bona fide executive, administrative professional and/or outside sales employees and failing to completely, properly, appropriately, and/or timely paid said employees is contrary to the NJWPL.

40. Any agreement(s) entered into by and between Defendants and the Plaintiffs and the Putative Class Members that provide otherwise are unlawful, null and void. See N.J.S.A. 34:11-4.7.

41. Defendants' conduct against the Plaintiffs and the Putative Class Members violates the NJWPL by requiring the Plaintiffs the Putative Class Members to work for Defendants without pay.

42. Defendants' conduct against the Plaintiffs and the Putative Class Members in violation of the NJWPL was and is deliberate and not made in good faith.

## COUNT THREE

### (VIOLATION OF THE FEDERAL LABOR AND STANDARDS ACT)

43. Plaintiffs, on behalf of themselves and the Putative Class Members, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

44. At all relevant times, Defendants have had gross annual revenues in excess of $500,000.00.

45. At all relevant times, Defendants have employed, and/or continues to employ, Plaintiffs and each of the Putative Class Members within the meaning of the FLSA.

46. At all relevant times, Defendants have been and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. Pursuant to Defendants' compensation policies, rather than pay Plaintiffs and Putative Class Members the ederally-mandated wages, Defendants' improperly classify Plaintiff and Putative Class Members as Exempt from overtime compensation.

48. As a result of Defendants' willful practices, Defendants' clubs were not entitled to pay Plaintiffs and the Putative Class Members less than the mandated wage for all hours worked.

49. Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Due to Defendants' FLSA violations, Plaintiff and the Putative Class Members are entitled to recover from Defendants: compensation for unpaid wagesand overtime; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

51. Defendants purport that Plaintiffs and Putative Class Members each signed an agreement between each Plaintiff/Putative Class Member and Defendant Dollar General Corporation ("Arbitration Agreement").

52. The Arbitration Agreement between the parties purports to waive claims pursuant to the FLSA, specifically, the Arbitration Agreement purportedly waives Plaintiffs' rights to bring a private cause of action in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated pursuant to 29 U.S.C. § 216(b),

53. The Arbitration Agreements waiving rights granted by the the FLSA which have been purportedly signed by DeJesus and Gonzales have not been reviewed and/or approved by a Federal or State Court of competent jurisdiction.

## COUNT FOUR

### (FRAUD)

54. Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-53 as if fully set forth herein.

55. Defendants purport that Plaintiffs signed an agreement between each Plaintiff and Defendant Dollar General Corporation ("Arbitration Agreement").

56. The Arbitration Agreement between the parties purports to waive claims pursuant to the FLSA, specifically, the Arbitration Agreement purportedly waives Plaintiffs' rights to bring a private cause of action in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated pursuant to 29 U.S.C. § 216(b),

57. The Arbitration Agreements waiving rights granted by the the FLSA which have been purportedly signed by DeJesus and Gonzales have not been reviewed and/or approved by a Federal or State Court of competent jurisdiction.

58. Defendants knowingly and falsely e-signed arbitration agreements on behalf of the Plaintiffs and the Putative Class Members.

59. Plaintiffs and Putative Class Members did not voluntarily sign, know, agree or consent to the signing of the arbitration agreement.

60. DeJesus and Gonzales each maintain that the purported e-signatures on the Arbitration Agreements bearing their names is not the ordinary form of their customary e-signatures.

61. Defendants have presented the Arbitration Agreements purportedly signed by DeJesus and Gonzales to Plaintiffs intending on Plaintiffs to rely on them in order to induce the Plaintiffs to withdraw the instant lawsuit.

62. Defendants and/or agents of Defendant Dollar General know and/or knew that the Arbitration Agreements were not executed by Plaintiffs.

63. Plaintiffs reasonably relied on Defendants' representation and intention to induce Plaintiffs to withdraw their lawsuit.

64. Plaintiffs' reliance on Defendants representation induced them to investigate the factual background and chain of custody of the Arbitration Agreements causing Plaintiffs to incur costs/expenses and to expend time and effort discovering facts pertinent to same.

65. In essence, Plaintiffs reasonably believed Defendants' representations which caused them to examine those representations closely. This examination caused Plaintiffs to expend time and money to discover the questionable pedigree of the Arbitration Agreements.

66. The Arbitration Agreement was intended to restrict the legal rights of Plaintiffs and the Putative Class Members.

67. The foregoing actions were knowing or reckless violations of law and deprivations of Plaintiffs' and the Putative Class Members' statutory and civil rights thereby injuring Plaintiffs and the Putative Class Members and entitling them to damages and other relief, including equitable relief, under applicable law.

## COUNT FIVE

*(John Does – By all Plaintiffs Against All Defendants)*

68. Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-67 as if fully set forth herein.

69. Although the Plaintiffs believe that the acts complained of were performed or caused by the named Defendants, the Plaintiffs cannot be certain that the named Defendants are the only person(s) and/or entity(ies) liable for the acts complained of as set forth herein. Therefore, the Plaintiffs have named John/Jane Does 1 -10, ABC CORP. 1-10; and ABC COMPANIES 1-1, fictitious persons and/or legal entities as Defendant(s) to this action.

70. As such, the terms "Defendant" or "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John/Jane Doe(s) and/or ABC CORP. 1-10; and/or ABC COMPANIES 1-10".

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiffs Cinthia Gonzales and Jomar DeJesus, on behalf of themselves and all other Putative Class Members, respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

a. Declare and find that the the Arbitrations Agreements between Defendant Dollar General Corporation are null and void as to the wage and hour claims, including the class/collective wage and hour claims, of Plaintiffs Cinthia Gonzales and Jomar DeJesus and all other Putative Class/Collective Members.

b. Certify a class action pursuant Rule 4:32 of the Rules Governing the Courts of the State of New Jersey and appoint Plaintiff and his counsel to represent the class;

c. Certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and his counsel to represent the class;

d. Declare and find that the Defendant misclassified the Plaintiffs and the Putative Class Members as bona fide executive, administrative professional and/or outside sales employees under N.J.S.A. 34:11-56a4 et seq.; N.J.A.C., 12:56-7.1; N.J.A.C. 12:56-6.1 and/or N.J.A.C. 12:56-19.3.

e. Declare and find that the Defendant violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.;

f. Declare and find that the Defendant violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.;

g. Declare and find that the Defendant misclassified the Plaintiffs and the Putative Class Members as bona fide executive, administrative professional and/or outside sales employees under 29 U.S.C.A. § 213;

h. Declare and find that the Defendant violated the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.;

i. Declare and find that the Defendant committed Fraud by falsely signing the arbitarion agreement on behalf of the Plaintiffs and the Putative Class Members without their knowledge or consent.

j. Award compensatory damages, including all unpaid wages/overtime and underpaid wages/overtime as well as all expenses owed and liquidated damages in an amount according to proofs;

k. Award Plaintiffs and the Putative Class with Liquidated Damages in the amount of 200% of the wages and overtime owed pursuant to N.J.S.A. 34:11-58(b);

l. Award all costs, expenses and attorney's fees, with appropriate fee enhancement, incurred in prosecuting this claim;

m. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

n. Injunctive relief in the form of an order directing Defendants to comply with New Jersey law; and

o. Such other relief as in law or equity may pertain.

**DEMAND TO PRESERVE EVIDENCE**

**DEMAND IS HEREBY MADE** that Defendants preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiffs and the Putative Class Members' employment; (b) their claims under the New Jersey Wage and Hour Law and New Jersey Wage Payment Law; (c) any and all defenses thereto; and (d) pertaining or relating to any electronic

data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.) and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this First Amended Class Action Complaint and Jury Trial Demand pleading. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues so triable.

Date:   March 19, 2025,                    Respectfully submitted,
Springfield, New Jersey

By:   **/s/*Edward J. Herban***
**MARK LAVIGNE, LLC**
Edward J. Herban, Esq.
N.J. Bar Id. No. 038561998
675 Morris Avenue, Suite 300
Springfield, New Jersey 07081
Tel: (973) 845-6606
Email: eherban@newjerseyattorneys.com
*Attorneys for Plaintiffs and all other similarly situated persons*.